IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD DUNNE and <br> RYAN P. DUNNE, <br>            Plaintiffs, <br><br> vs. <br><br> AUTO GALLERY CHICAGO, LLC <br> and BETTER BUSINESS BUREAU <br> OF CHICAGO AND <br> NORTHERN ILLINOIS, INC., <br><br>            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR APPOINTMENT OF SUBSTITUTE ARBITRATOR**

**INTRODUCTION**

1. Plaintiffs Gerald Dunne and Ryan P. Dunne bring this action to secure the appointment of a substitute arbitrator because the forum designated in their agreement has failed or refused or been unable to act.

**PARTIES**

2. Plaintiffs Gerald Dunne and Ryan P. Dunne are residents of Lemont, Illinois.

3. Defendant Auto Gallery Chicago, LLC ("Auto Gallery") is a limited liability company organized under Illinois law that operates a used car dealership at 12 W. Factory Road, Addison, IL 60101. Its registered agent and sole member-manager is Peter Alvarez at that address.

4. Defendant Better Business Bureau of Chicago and Northern Illinois, Inc. ("BBB"), is an Illinois not-for-profit corporation located at 330 North Wabash Ave., Suite 3120, Chicago, IL 60611. Its registered agent is Steve J. Bernas at that address.

5. Defendant BBB conducts arbitrations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction because the underlying dispute includes claims under the Federal Odometer Act, which are within the original jurisdiction of this Court under 49 U.S.C. §32710 and 28 U.S.C. §1331, as well as state law claims which are within the supplemental jurisdiction of the Court under 28 U.S.C. §1367.

7. Venue in this District is proper because all parties to the dispute and the BBB are located here.

## FACTS

8. Plaintiffs Gerald Dunne and Ryan P. Dunne signed an arbitration agreement (Attachment 1) with Defendant Auto Gallery Chicago, LLC in connection with the January 6, 2020 sale of a used vehicle agreeing to arbitrate claims with the BBB.

9. More than a year ago, on March 5, 2020, Plaintiffs Gerald Dunne and Ryan P. Dunne filed an arbitration claim (Attachment 2, without internal exhibits) against Defendant Auto Gallery Chicago, LLC with the BBB seeking redress for fraudulent conduct in connection with the January 6, 2020 transaction. Among the claims alleged is one under the Federal Odometer Act.

10. Despite repeated requests (Attachment 3), Plaintiffs have been unable to secure either a hearing date or the designation of an arbitrator during the last 15 months. Their claim is in limbo.

11. In addition to Plaintiffs and their counsel repeatedly requesting action by the BBB orally and by email, counsel for Auto Gallery has also communicated with the BBB, all without success.

12. This delay is causing substantial harm to Plaintiffs as they were sold a dangerous, defective vehicle for which they have substantial financial obligations, but which they cannot use.

13. On information and belief, based on reports from other attorneys, BBB has a pattern and practice of this type of delay. (Attachment 4)

14. Other arbitration forums do not engage in this sort of delay. For example, Plaintiffs' counsel had an arbitration hearing on May 21, 2021 in a similar case filed before the American Arbitration Association, which was filed in late September 2020. Furthermore, the AAA actively moved the case along during the interim period.

15. Under the Federal Arbitration Act, 9 U.S.C. § 5:

Appointment of arbitrators or umpire

If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator

16. As a result of the BBB's inaction for 15 months, there has been a "lapse in the naming of an arbitrator."

17. Plaintiffs request that either JAMS or the American Arbitration Association be appointed. Plaintiffs' counsel has conducted mediations and arbitrations before both in the last several months, and it is clear that they are available, notwithstanding the pandemic.

WHEREFORE, the Court should appoint JAMS or the American Arbitration Association in place of the BBB, as substitute arbitrator.

                                                      */s/ Daniel A. Edelman*
                                                      Daniel A. Edelman

Daniel A. Edelman

Tara L. Goodwin
Sung Cheol Sam Park
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com